Fowler v. Lowenstein.

---

NATHANIEL H. FOWLER and others, Appellants, *v.* MENTHEIM LOWENSTEIN, Respondent.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

A plaintiff's attorney received money on an *ex parte* order, in proceedings supplementary, from one owing the judgment debtor, having knowledge of a claim for the same money, and of a suit pending thereon against the person upon whom the order was made, but without disclosing these facts to the judge; the person owing had been examined and admitted the indebtedness, and the judgment debtor swore that he had owed, not that he did owe him. Judgment was recovered by the claimant, and the defendants moved against the attorney for repayment. *Held*, on appeal, that the motion was rightly granted.

*Held*, also, that the suppression of the facts as mentioned was an imposition upon the justice who granted the order, and that restitution was proper on that ground, and, against an attorney, would be enforced by attachment.

The attorney having stated that he had paid over the moneys to the plaintiffs in his action, he being himself one of them,—*Held*, that it was no defence.

Nor was it a defence that the proceedings were taken for the benefit of plaintiff's assignee, no claim of payment to the assignee being made.

THIS was an appeal from an order directing the plaintiff Fowler to repay certain money which he had received upon an order of a justice of this court, or that an attachment issue, &c.

The facts which were brought before the court by affidavits were substantially these :

The plaintiff Fowler and the other members of a firm in which he was partner recovered judgment against Lowenstein and the other defendants for some $800. Proceedings supplementary to execution were taken upon the judgment, and a receiver of the property of Lowenstein was appointed therein in April, 1867.

In October, 1869, the plaintiffs instituted proceedings supplementary upon the same judgment, and examined therein one Thomas A. Wilmerding, of the firm of Wilmerdings & Mount, who testified that there remained in the hands of his firm to the credit of Lowenstein a balance of $963. The affidavit of the plaintiff also stated that on the examination of the judgment debtor in these proceedings he testified that Wilmerdings & Mount had owed him the sum named.

Fowler thereupon made a motion to one of the judges of this court and obtained an order upon Wilmerdings & Mount for the payment to him upon the judgment of the funds in their hand, credited to Lowenstein forthwith. Upon this order Wilmerdings & Mount paid the money to Fowler.

One Bernard Rice also sued Wilmerdings & Mount, claiming to be entitled to the money paid over to Fowler as the assignee of Lowenstein. Of this suit, which was after the recovery of the Fowler judgment and of the appointment of

Fowler *v.* Lowenstein.

a receiver in the proceedings taken thereon, Fowler had knowledge, and he had served notice of the appointment of a receiver upon the defendants therein, and was alleged to have encouraged a defence therein upon the ground that the appointment of a receiver had been made prior to the assignment. Thomas A. Wilmerding had no personal knowledge of the Rice suit against his firm when examined upon the second supplementary proceedings, and in obtaining the order for payment to him by Wilmerdings & Mount, Fowler did not disclose the pendency of the Rice suit or that a receiver had been appointed in prior proceedings.

Judgment went in favor of Rice as assignee, in his suit, notwithstanding defence was made upon the ground of a receivership prior to the assignment.

The plaintiff alleged an assignment of the Fowler judgment to one Bamberger, but stated in his affidavits that except his fees he had paid over to plaintiffs. The court granted the motion.

*A. H. Reavey,* for the appellant.

*C. B. Smith,* for the respondent.

Present BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J.    It is testified by the attorney of Messrs. Wilmerdings & Mount, and not denied by Mr. Fowler, that when the latter obtained the moneys in controversy, he knew the fact that said moneys were claimed by Mr. Rice, and that an action brought by him against Wilmerdings & Mount to recover the same was then pending. There is nothing in the papers to show that Mr. Fowler had any reason to question the title of Mr. Rice to the moneys. On the contrary, it is a fact of some significance, that it is not made to appear that Lowenstein, the judgment debtor, on his examination, stated that the moneys belonged to him. That examination is not before us, and all that appears respecting the

contents of it is set forth in Mr. Fowler's affidavit, dated October 23d, 1871. His statement there is, " that on the examination of the judgment debtor he stated and swore that the relators (Messrs. W. & M.) *had* owed him the money in question." The title of Mr. Rice to the moneys has been judicially established.

Mr. Fowler obtained the moneys upon an *ex parte* deposition of Thomas A. Wilmerding, that there was a balance of $936.86 remaining with his firm to the credit of the judgment debtor. Mr. Wilmerding was not interrogated respecting the claim of Rice, or whether such balance was in point of fact the property of the judgment debtor. Nor did Mr. Fowler state to the justice who made the order directing Wilmerdings & Mount to pay the money to him, the fact that the judgment debtor had assigned said moneys to Rice, or anything concerning Rice's claim thereto. Nothing is shown to justify or excuse such a suppression of material facts. As the case is now presented, it can be regarded in no other aspect than that of an imposition on the justice who made the order. In such a case there can be no question of the power and duty of the court, by appropriate means to compel a restitution of the moneys to the persons thus illegally deprived of them. (*State* v. *Phenix Bank*, 33 N. Y., 25, and cases cited.) And when the party proceeded against is an attorney, the remedy by attachment is the proper one.

No embarrassment arises from the statement of Mr. Fowler, that he has paid over the moneys to the plaintiffs. Nor is it necessary to pass upon the legal effect of such a fact, if it exists, for Mr. Fowler is one of the plaintiffs, and the statement would be literally true if he retained the moneys and charged himself therewith in account with his firm. It appears that one Bamberger is the person entitled to receive the moneys from Fowler, and there is no pretence that they have been paid to him.

The appeal from the order made by Justice INGRAHAM was waived by the motion under review.

Upon the whole case, therefore, we think the order appealed from should be affirmed, with costs.

Order affirmed.